**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30049 |
| Plaintiff - Appellee, | DC No. CR 08-2009 LRS |
| v. | |
| JOHNNY ANGEL SOLIZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted January 12, 2010
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

Johnny Soliz appeals his conviction of one count of assault with intent to rob

a custodian of the United States mail, in violation of 18 U.S.C. § 2114(a), and his

subsequent sentencing to 120 months in prison.  We have jurisdiction under 28

U.S.C. § 1291 and affirm both Soliz's conviction and sentence.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

Soliz argues that the district court committed reversible error by allowing the government to introduce testimony at trial that constituted inadmissible hearsay, violated his constitutional right to confront the witnesses against him, and amounted to improper vouching and bolstering in violation of his due process rights. Soliz's counsel conceded at oral argument that we review these claims for plain error because Soliz did not make timely, correct, and specific objections at trial to the evidence he now challenges on appeal. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

Under this standard, we will reverse if there is "(1) error, (2) that was plain, and (3) that affected substantial rights." *United States v. Ramirez*, 537 F.3d 1075, 1081 (9th Cir. 2008). Such "[r]eversal is proper only if, viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings, or where failing to reverse a conviction would result in a miscarriage of justice." *United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004) (internal quotations and citations omitted).

In this case, assuming *arguendo* that the admission of the testimony now challenged by Soliz constituted error, no plain error occurred, in light of the strength of the government's case against Soliz. The victim of the crime identified Soliz as her attacker both in a photo montage and again at his trial. She saw him

up close at the time of the robbery, in adequate lighting. The crime was captured on video tape and shows a suspect matching Soliz's description as the perpetrator. The jury asked to review the video, and photographic evidence derived from it, for a second time before it returned its verdict. In light of this strong evidence of guilt, Soliz's substantial rights were not affected by the admission of improper testimony at his trial.

Soliz also argues that the district court committed reversible error by rejecting his request for a below Guideline sentence without specifically discussing the defendant's mental health report from Dr. Mays. When sentencing, a "judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court did so in this case.

The record indicates that the district court carefully weighed many factors, including the defendant's health issues and diagnoses, in making his sentencing determination. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Id.* "Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has

rejected those arguments." *Id.* at 357. However, he is not required to do so. In finding a sentence at the high end of the Guideline range to be reasonable, the judge weighed the "violence" involved in the crime, the need for "deterrence," and the defendant's need for "medical care." Although the judge did not specifically discuss Dr. Mays's report, he thoroughly explained why he rejected defendant's arguments for a shorter prison sentence. No error occurred at sentencing.

The judgment of the district court is AFFIRMED.